*No. 64121.*—S. Stern, Henry & Co. *v.* United States, protest 60/556 (New York).

RICHARDSON, Judge: In this action, the plaintiff is seeking a refund of an amount alleged to have been improperly exacted as liquidated damages for failure to file with the collector of customs a special customs invoice in connection with the importation of certain works of art.

The facts pertinent to a decision are set forth in the following stipulation of facts entered into by counsel for the parties:

IT IS STIPULATED AND AGREED BY and between the plaintiff, a partnership, and the Assistant Attorney General, for the defendant, subject to the approval of the Court that,

The merchandise covered by the above protest consists of works of art which were liquidated free of duty under Paragraph 1807, Tariff Act of 1930.

The merchandise was entered on a commercial invoice bearing the information required by Section 10.48a, and b2 of the Customs Regulations of 1947, a bond being given at time of entry for the production of a Special Customs Invoice.

At time of entry a bond was also given by the importer to file with the Collector a declaration on Customs Form 3307, called for in Section 10.48b–3 of the Customs Regulations. This declaration was timely filed prior to liquidation with the Collector in accordance with Section 25.18C of the Customs Regulations, and the bond for its production cancelled by the Collector.

The United States Appraiser reported that in his opinion the merchandise was entitled to free entry under Paragraph 1807 of the Tariff Act of 1930.

No Special Customs Invoice was filed with the Collector.

Section 8.15a–2–II recites, "(a) Pursuant to the provisions of section 484(b), Tariff Act of 1930, as amended, a special customs invoice is hereby required to

be produced in connection with each entry (see sec. 8.9) of imported merchandise, if such merchandise is not provided for in paragraph (c) or (d) of this section and is—".

"(2–11) conditionally free of duty and subject to a rate of duty dependent on value if the free entry conditions are not met, but a special customs invoice shall not be required for such merchandise and any obligation for the production of such an invoice shall be canceled if all free entry documents and evidence required to establish the exemption from duty are produced at the time of entry or within the time prescribed for their later production by the pertinent regulations;" [sic].

Although all free entry documents and evidence were timely filed, the Collector demanded and was paid $10.00 as mitigated liquidated damages for the lack of a Special Customs Invoice.

It is further stipulated and agreed that the protest be deemed submitted on this stipulation.

Plaintiff waives the right to first docket call and amendment of this protest.

The case has been submitted for decision upon this stipulation.

The issue is whether the action of the collector of customs in exacting from plaintiff an amount as liquidated damages for failure to produce a special customs invoice was proper. Upon the facts as agreed to by the parties, the question must be answered in the negative.

Section 8.15(a)(2)(ii) of the Customs Regulations specifically provides that a special customs invoice shall not be required "if all free entry documents and evidence * * * are produced at the time of entry or within the time prescribed for their later production by the pertinent regulations." The parties have stipulated that all free documents and evidence were timely filed. It is apparent that the importer complied with the conditions in the quoted portion of the foregoing regulation and, for that reason, was under no obligation to produce a special customs invoice in connection with the involved merchandise.

We, therefore, hold that the collector of customs improperly exacted from plaintiff the liquidated damages herein, and that the amount so exacted should be refunded.

Judgment will be rendered accordingly.